Filed February 8, 1904.

———————o———————

No. 3318.

(Court of Appeal, Parish of Orleans,)

JOSEPH H. MARKS vs. GEORGE LUCE.

1. Any person whose rights are invaded may invoke the aid of the Courts to prevent any act which if done would entitled him to damages.
2. On the merits the case is entirely with the plaintiff and the Judgment is affirmed.

Appeal from Civil District Court, Division B.

R. H. Marr, Plaintiff and Appellee.

W. McL. Fayssoux, Defendant and Appellant.

MOORE, J.   This is an appeal from a judgment maintaining an injunction sued out for the purpose of abating a nuisance, and awarding damages for the injuries sustained.   The nuisance complained of is alleged to be the howling and barking, at nights, of the defendant's dog, kept on the premises of defendant, to such an extent and of such frequency as to interrupt the sleep and rest, and to impair the health of plaintiff, who is neighbor to defendant. The facts are that defendant kept on his premises a dog whose howlings and barkings, night after night, seems to have been a matter of common comment among his neighbors and nuisance generally.

The howls and barks were of the most noisy and unbearable character, and continued night after night for nearly a year prior to the issuance of the injunction, and to such an extent as to disturb the plaintiffs rest and prevent him from sleeping, he being in feeble health and in the 85th year of his age.

It threw him into such a nervous condition, causing a high

107

state of insomonia that medical aid was rendered necessary, and it is shown that only since the issuance of the injunction, has his health been restored. That the barking and howling of defendants dog constituted a nuisance, affecting persons of ordinary health and sensibilities as well as it did the plaintiff, is established beyond a doubt, and that defendant failed to abate the nuisance though repeatedly importuned so to do by plaintiff, is also established.

There is no merit in the objection of defendant to the effect that inasmuch as the plaintiff is neither the owner nor lessee of the premises in which he resides, (the plaintiff simply residing with his married daughter, who is the occupant of the house adjoining that of defendant,) he has no standing in Court to abate the nuisance.

Whatever may be the rule under a different system of laws, under the law of this State it is clear that any person whose rights are invaded may invoke the aid of the Courts to prevent any act which if done would entitle him to damages.

Every act of man which causes damages to another obliges him by whose fault it happened to repair it. C. C. 2315.

In a well considered opinion our brother of the lower Court reviewed the testimony in the case, found the averments of plaintiff's petition sustained and assessed the damages at Two hundred and fifty dollars and we find no cause to disturb the judgment thus made.

It is therefore ordered, adjudged and decreed that the Judgment appealed from be affirmed.

Filed February 23rd, 1904.